■ SPANCRETE NORTHEAST, INC., Appellant, v K. W. CONSTRUCTION CORP. et al., Respondents.—Judgment, Supreme Court, New York County, entered April 1, 1976, after a trial without a jury, wherein it was adjudged that the defendant-respondent K. W. Construction Corp. recover from plaintiff-appellant the sum of $6,714.02 including interest and costs, that defendant UPACA Houses, Inc., recover from plaintiff the sum of $300, and defendant Home Indemnity recover from plaintiff the sum of $300, unanimously modified, on the law, without costs and without disbursements, to reverse the granting of the defendant-respondent K. W. Construction Corp.'s second and fifth counterclaims and to dismiss them, reducing the awards to that defendant-respondent by $8,600 and $5,406.60 with interest and costs, resulting in judgment in favor of the plaintiff-appellant for $8,700.07 plus interest and costs, and the judgment otherwise affirmed. The plaintiff does not appeal the relief granted the defendant-respondent K. W. Construction Corp. (KW) on its third counterclaim. Finding substantial evidence in support, we affirm the trial court's grant of relief to KW on its first and

fourth counterclaims for the reasons stated in the court's decision. We add only that on the trial the plaintiff did not challenge KW's proof of the estimates of its damages and the trier of the facts could properly credit those damages *(Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205). We reverse only those counterclaims awarding damages that the court found were attributable to economic duress by the plaintiff. KW was the general contractor for the construction of a nine-story building. The plaintiff subcontracted to fabricate and install concrete floor planks and, as required by the subcontract, KW provided an open area on the job site on which the plaintiff could put its crane. After using this site to install the planks on the first six floors the plaintiff moved its crane to the street to complete the job, but it was stopped by the police for lack of a permit. The plaintiff stopped work, believing it KW's obligation to obtain the permit. (The trial court properly found that KW fulfilled its only obligation by providing the on-site area.) The plaintiff refused to complete its job until KW entered into a supplementary contract under which it had to pay plaintiff $8,600 and constructed scaffolding on the top floors which cost KW $5,406.60. The trial court found these sums to have been paid under economic duress. We cannot agree. Two of the factors that must appear to avoid a contract for economic duress is that the threatened party cannot obtain its due from another source and that the ordinary remedy of an action at law for breach of contract is in some way inadequate to redress the action threatened *(Austin Instrument v Loral Corp.,* 29 NY2d 124). Contrary to the finding of the trial court that KW had no alternate means of obtaining the concrete planks, it is undisputed that all of the planks for the job had been fabricated by the time of the work stoppage and that KW never demanded their delivery by the plaintiff so that it or another could put them in place. Furthermore there is no evidence that KW ever sought out another fabricator to make the remainder of the planks; apparently it simply concluded that another could not do it in a reasonable time. Also, there was no showing by KW of any extenuating circumstances that would have rendered inadequate an action against the plaintiff for breach of contract (cf. *Austin Instrument v Loral Corp., supra).* The appellant objects to the judgment's award of costs to each of the prevailing defendants as not having been provided for in the court's decision, citing CPLR 8108 that "an award of separate costs in an action to one or more parties * * * shall be made * * * in the report or decision upon which judgment is entered". CPLR 8101, however, grants costs to a party in whose favor a judgment is entered "unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable". Here the judgment was directed by the court to be settled on notice and on settlement the question of separate costs was raised. It was within the court's discretion to have found the respondents not so united in interest as to preclude separate awards of costs. Concur—Lupiano, J. P., Birns, Lane and Lynch, JJ.