■ ANTOINETTE CURRIE et al., Appellants, v THREE GUYS PIZZERIA, INC., Respondent. [615 NYS2d 494] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 1, 1993 in Ulster County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

In 1968 defendant began leasing space in two buildings in the Town of Highland, Ulster County, for its restaurant and pizzeria. One building, 58 Vineyard Avenue, was owned by plaintiffs' parents, Anna Gianatasio and Frank Gianatasio, and the other, 56 Vineyard Avenue, was owned by plaintiffs' aunt and uncle. These owners entered into five-year leases with defendant in 1977, 1982 and 1987, each of which granted defendant a right to renew for a further five-year period. The 1987 lease for 58 Vineyard Avenue obligated defendant to pay rent of $140 per month; this amount was subsequently raised, by agreement, to $150 per month. The 1987 lease for 56 Vineyard Avenue was at a rate of $195 per month.

When Anna Gianatasio (hereinafter Gianatasio) (who was

predeceased by her husband) expired in 1990, plaintiffs became owners of her property and, shortly thereafter, they received a deed for the other property from Theresa Caferelli, its sole remaining owner. Among their late mother's possessions, plaintiffs discovered another lease for her property, apparently entered into by defendant and Gianatasio in 1989, covering a 10-year term from 1992 until 2002. While the rent provided for under this lease is $150 per month, the same as that being paid at the time it was executed, the record shows that Caferelli had also entered into a similar 10-year lease for her property, with the rent set at $255, an increase of approximately 30% over the amount paid from 1987 through 1992. Both agreements provided for a five-year renewal (from 2002 to 2007) with the rent to be paid for the renewal period to be an amount calculated by adding to the 10-year rate the greater of (1) $10 per month, or (2) a cost-of-living increase based on Federal guidelines.

Plaintiffs sued to have the 1989 lease between defendant and Gianatasio declared void on the basis of unconscionability —plaintiffs maintain that the agreed rent is manifestly unreasonable. After issue was joined and discovery conducted, plaintiffs moved for permission to amend their complaint to add causes of action sounding in economic duress and undue influence. Defendant opposed the motion and also cross-moved for summary judgment dismissing the complaint. Supreme Court, concluding that plaintiffs' proof was insufficient to warrant a finding of unconscionability, denied plaintiffs' motion and granted defendant's cross motion in its entirety. Plaintiffs appeal.

Plaintiffs maintain that the lease agreement is substantively unconscionable (see, Gillman v Chase Manhattan Bank, 73 NY2d 1, 10) because it provides for a fixed rental rate, only 7% higher than that established in 1987, to be in effect until 2002, regardless of changes in the economy or the cost of living. Defendant explains that it sought the longer term lease because it intended to expend significant amounts of time and money making improvements to the store, and desired additional security before committing those resources. In fact, after the lease was signed, defendant spent approximately $6,000 to $7,000 to construct a new storefront, add burglar and smoke alarms, and complete other repairs and renovations on the premises. Nevertheless, a comparison of the rate agreed to by Gianatasio with that required by the lease for Caferelli's property—to which similar or more substantial

improvements were made—for the same time period, certainly raises a question as to its reasonableness.

It is also urged by plaintiffs that the circumstances surrounding execution of the lease suggest that there was procedural unconscionability as well. To establish procedural unconscionability, plaintiffs point out that Gianatasio was unsophisticated, minimally educated and had little experience in business matters. They also aver that in her later years Gianatasio was in poor physical health and, more importantly, that she had exhibited erratic behavior, such as hitch-hiking with strangers and breaking a store window with her cane, which could support an inference that she was becoming mentally infirm despite the fact that she was never formally diagnosed as mentally ill or incompetent.

Taken together, plaintiffs' averments as to Gianatasio's aberrant behavior, lack of education and the gross disparity in the lease parties' business acumen raise a question as to whether she entered into the lease freely and knowingly *(see, Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 390; *Lister Elec. v Incorporated Vil. of Cedarhurst,* 108 AD2d 731, 734). Moreover, Gianatasio's poor health—she suffered 14 heart attacks between 1987 and 1990—coupled with the fact that she lived above defendant's business and even depended upon defendant's president to take her to the hospital on one occasion, and the fact that she was encouraged to sign the lease in question several years prior to the expiration of the prior lease, indicate a possibility that there was, in fact, a substantial inequality in bargaining power *(see, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11, *supra).* Summary judgment was thus inappropriate.

As for the proposed causes of action sounding in undue influence and economic duress, they simply have no support in the record *(see,* 13 Williston, Contracts § 1625, at 776-777, 779-780 [Jaeger 3d ed]; *Spancrete Northeast v K.W. Constr. Corp.,* 57 AD2d 784, 785).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment dismissing the complaint; said cross motion denied; and, as so modified, affirmed.